## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **ROBERT O'TOOLE, individually and on behalf of all others similarly situated;** | § § § | **Civil Action No. _____** |
| **Plaintiffs,** | § § | **JURY TRIAL DEMANDED** |
| **vs.** | § § | **COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** |
| **SEARS HOLDINGS MANAGEMENT CORPORATION,** | § § § | |
| **Defendant.** | § | |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff Robert O'Toole individually and on behalf of other similarly situated employees (hereinafter collectively referred to as ("Plaintiff" or "Representative Plaintiff"), brings this lawsuit against Defendant Sears Holdings Management Corporation, (hereinafter "Sears" or "Defendant") seeking to recover for Defendant's violations of the Fair Labor Standards Act (hereinafter "FLSA"). Plaintiff also brings an individual claim under the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* (hereinafter "IMWL").

### OVERVIEW

1.     This is a collective action to recover unpaid overtime wages brought under the FLSA, 29 U.S.C. § 201 *et seq.*

2.     The Plaintiff and the proposed Putative Class Members are current and former employees of Defendant who worked as salaried Loss Prevention Managers during the relevant time period. The Plaintiff and the proposed Putative Class Members were regularly required by Defendant to work in excess of 40 hours per week without overtime. Accordingly, Plaintiff brings this action on behalf of himself and all other similarly situated employees to recover unpaid overtime compensation under §16(b) of the FLSA. 29 U.S.C. §216(b). Plaintiff also

brings an individual claim on his own behalf for owed overtime pay under the IMWL. 820 ILCS 105/4.

PARTIES

3.  Plaintiff was employed by Defendant as a Loss Prevention Manager within the meaning of the FLSA during the relevant three-year period. Plaintiff worked for Defendant and did not properly receive overtime compensation or benefits for hours worked in excess of 40 hours per week. Plaintiff's consent has been attached hereto as Exhibit A.

4.  Plaintiff and the proposed Putative Class Members were subjected to similar violations of the FLSA. The class of similarly situated employees or potential class members sought to be certified under 29 U.S.C. §216(b) is defined as:

**"ALL CURRENT AND FORMER SALARIED LOSS PREVENTION MANAGERS WHO HAVE BEEN EMPLOYED AT ANY TIME DURING THE PAST THREE YEARS BY SEARS" ("PUTATIVE CLASS MEMBERS")**

The precise size and the identity of the Putative Class Members should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant and its related and affiliated entities.

5.  During the relevant time period, Defendant acting through its affiliates and subsidiaries, created, ratified and implemented Defendant's unlawful payment scheme. Thus Defendant has acted directly or indirectly as an employer with respect to the named Plaintiff and those similarly situated with the meaning of the FLSA.

6.  Defendant may be served with process by serving its registered agent: CT Corporation System, 208 So. LaSalle Street, Suite 814, Chicago, Illinois 60604.

JURISDICTION

7.     This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.  Plaintiff's claims arise under §§ 7(a)(1), and 16(b) of the FLSA. 29 U.S.C. §§ 207(a)(1), and 216(b).   This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

## VENUE

8.     Venue is proper in this Division under 28 U.S.C. § 1391(a).

## COVERAGE UNDER THE FLSA AND IMWL

9.     Plaintiff and other persons similarly situated to him were (and are) Defendant's "employees" as defined by the FLSA, 29 U.S.C. § 203(e)(1) and the Illinois Minimum Wage Law, 820 ILCS 105/3.

10.    At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and the IMWL, 820 ILCS 105/3.

11.    At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

12.    At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

13.     At all times hereinafter mentioned, Plaintiff and all those similarly situated were individual employees engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## FACTS

14.     During the time period which is relevant to this action, Plaintiff and all those similarly situated were employed by Defendant as salaried Loss Prevention Managers and were regularly required to work in excess of 40 hours per week.  Instead of paying overtime for all of the hours worked in excess of 40, Plaintiff contends that Defendant improperly classified Plaintiff and all other similarly situated employees as exempt from the overtime provisions of the FLSA.  However, during the relevant time period that Plaintiff was considered an exempt employee by Defendant, Plaintiff and the Putative Class Members did not regularly or customarily perform any exempt functions.

15.     Plaintiff is aware of other current and former employees of Defendant who are similarly situated in that they were not properly paid for the hours they worked and were misclassified as exempt.  Accordingly, Plaintiff and all those similarly situated employees contend that Defendant owes its current and former Loss Prevention Managers substantial overtime compensation.

## COUNT I: Violation of the Fair Labor Standards Act - Overtime Wages
**(Collective Action)**

16.     During the relevant time period, Defendant has violated, and is violating, the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without

compensating such employees for their employment in excess of 40 hours per week at rates no less than one and one-half the regular rates for which they were employed.

17.     Defendant knowingly, willfully or in reckless disregard carried out its illegal pattern or practice of failing to pay Plaintiff and all those similarly situated overtime compensation. The decision by Defendant not to properly pay overtime compensation to its hourly employees was neither reasonable, nor in good faith. Accordingly, Plaintiff and all those who are similarly situated are entitled to overtime wages under the FLSA in an amount equal to one and one-half times their rate of pay, plus liquidated damages, attorney's fees and costs.

18.     Numerous employees have been victimized by this pattern, practice and policy which are in willful violation of the FLSA. Many of these employees have worked with Plaintiff and have reported that they were paid in the same manner and were not properly compensated for all hours worked as required by the FLSA. Thus, from his observations and discussions with these employees, Plaintiff is aware that the illegal practices or policies of Defendant have been imposed on the Putative Class Members.

19.     The Putative Class Members are all salaried employees who regularly worked in excess of 40 hours per week. These employees are victims of Defendant's unlawful compensation practices and are similarly situated to Plaintiff in terms of job duties, pay provisions and employment practices.

20.     Sears' failure to pay wages and overtime compensation at the rates required by the FLSA result from generally applicable, systematic policy and practice and which is not dependent on the personal circumstances of the Putative Class Members. Thus, Plaintiff's experiences are typical of the experiences of the Putative Class Members.

21.    The specific job titles or precise job requirements of the various Putative Class Members does not prevent collective treatment. All of the Putative Class Members, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked in excess of 40 hours per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

a.    For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff (and those who have joined in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who have joined in the suit);

b.    For an Order awarding Plaintiff (and those who have joined in the suit) the costs of this action;

c.    For an Order awarding Plaintiff (and those who have joined in the suit) their attorneys' fees;

d.    For an Order awarding Plaintiff unpaid benefits and compensation in connection with the FLSA violations;

e.    For an Order awarding Plaintiff (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

f.    For an Order granting such other and further relief as may be necessary and appropriate.

**COUNT II: Violation of the Illinois Minimum Wage Law – Overtime Wages**
**(Plaintiff Individually)**

Plaintiff hereby realleges and incorporates paragraphs 1 through 21 of this Complaint.

22.      The matters set forth in this Count arise from Defendant's violation of the overtime compensation provisions of the Illinois Minimum Wage Law.   820 ILCS 105/4a. Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

23.      Pursuant to 820 ILCS 105/4(a), for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at one and one-half times his regular hourly rate of pay for time worked in excess of forty (40) hours per week.

24.      Defendant did not pay Plaintiff one and one-half times his regular hourly rate of pay for time worked in excess of forty (40) hours in one or more individual work weeks.

25.      Defendant violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff at one and one-half times his regular hourly rate of pay for all time worked in excess of forty (40) hours per week.

26.      Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

     a.     A judgment in the amount of one and one-half times Plaintiff's regular rate for all time Plaintiff worked in excess of forty (40) hours per week;

     b.     Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

     c.     Reasonable attorneys' fees and costs incurred in filing this action; and

     d.     Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

/s/ DOUGLAS WERMAN
One of the Attorneys for Plaintiff

Douglas M. Werman (dwerman@flsalaw.com)
Maureen A. Bantz (mbantz@flsalaw.com)
David E. Stevens (dstevens@flsalaw.com)
**WERMAN LAW OFFICE, P.C.**
77 West Washington Street, Suite 1402
Chicago, Illinois 60602
Telephone: (312) 419-1008

Michael A. Josephson (mjosephson@fhl-law.com)
Joseph C. Melugin
**FIBICH, HAMPTON, LEEBRON,**
  **BRIGGS & JOSEPHSON, L.L.P.**
1150 Bissonnet
Houston, Texas 77005
713-751-0025 – Telephone
713-751-0030 – Facsimile

**ATTORNEYS FOR PLAINTIFF**