```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                     EASTERN DIVISION
```

ROBERT O'TOOLE, et al.,           )
                                  )
          Plaintiffs,             )
                                  )
     v.                           )    No.  11 C 4611
                                  )
SEARS ROEBUCK AND CO., et al.,    )
                                  )
          Defendants.             )

## MEMORANDUM OPINION AND ORDER

Sears, Roebuck and Co., Kmart Corporation and Sears Holdings Management Corporation have filed their collective Answer and Affirmative Defenses ("ADs") to the Second Amended Class and Collective Action Complaint ("SAC") in this lawsuit. Despite what defense counsel obviously believe, federal pleading is not a game--hence their current pleading is stricken sua sponte (obviously without prejudice to counsel's providing an appropriate responsive pleading in its stead).

It is frankly difficult to maintain judicial patience in the face of such a plainly problematic work product. Because it would be unduly burdensome to wade through the 54-page response to provide an exhaustive compendium, this memorandum order will point out a few of the difficulties, then leave it to counsel to go back to the drawing board with a different mindset from that exhibited by the current pleading.

For example, the Answer contains a number of disclaimers that conform to Fed. R. Civ. P. ("Rule") 8(b)(5)(see, e.g.,

Answer ¶¶3 through 15 and 34[1]), but it then goes on to state impermissibly "and, therefore, denies that allegation." That is of course oxymoronic--how can a party that asserts (presumably in good faith) that it lacks even enough information to form a <u>belief</u> as to the truth of an allegation then proceed to <u>deny</u> it in accordance with Rule 11(b)? Accordingly the quoted phrase is stricken wherever it appears in the Answer.

Moreover, the purported disclaimers in Answer ¶¶3 through 15 are as to the Complaint's allegations as to "the relevant time period." To be blunt, that is really arrant nonsense--Complaint ¶2, which contains the allegations as to the original representative claimant for the class, speaks of "the relevant three-year period," and it is painfully obvious that the identical meaning is intended as to all of the other individuals who were added as plaintiffs in the SAC (see also the proposed class definition in Complaint ¶16.a).[2]

Another disturbing pleading habit on defense counsel's part involves the statement of a response to each of the allegations

---

[1] There may be more, but this Court simply stopped its paragraph-by-paragraph review one-third of the way through (at the end of the response to what plaintiffs' counsel label the "Second Cause of Action"). Accordingly all other specifically identified defects are similarly confined, although defense counsel is of course expected to do a total overhauling job.

[2] Incidentally, neither of the problems already identified here was present in defendants' Answer and Affirmative Defenses to Plaintiffs' First Amended Collective Action Complaint, filed last October, making the current effort even more troubling.

in a paragraph of the Complaint and then, with that done, going on to say "Defendants deny the remaining allegations of paragraph -- of the Second Amended Complaint." In that respect, see, e.g., Answer ¶¶19 and 20. That sort of meaningless assertion creates nothing but confusion.

Next among the Answer's pleading sins are several statements that characterize allegations as "contain[ing] legal conclusions to which no response is required" (see, e.g., Answer ¶¶25, 42, 45, 48, 49, 51 and 52). Not so--defense counsel should take a look instead at App'x ¶2 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001).

Lastly, it seems highly unlikely that defense counsel's laundry list of 62 (yes, 62) ADs conforms to the standards of Rule 8(c) and the caselaw applying that Rule--see also App'x ¶5 to State Farm. This is frankly an impression on this Court's part, rather than the result of it combing through what has been set out. Accordingly all that is expected here is that in preparing the retread pleading, counsel will take a careful look at each AD.

As stated at the outset, the current pleading is stricken in its entirety, but with leave granted to file an appropriate replacement on or before May 14, 2012. No charge is to be made to defendants by their counsel for the added work and expense incurred in correcting counsel's errors. Defendants' counsel are

3

ordered to apprise their clients to that effect by a letter accompanied by a copy of this opinion, with a copy of the forwarding letter to be transmitted to this Court's chambers as an informational matter (not for filing).

Milton I. Shadur
Senior United States District Judge

Date:  April 26, 2012