# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **ROBERT O'TOOLE, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **No. 11 C 4611** |
| | ) | |
| **v.** | ) | **Judge Shadur** |
| | ) | |
| **SEARS ROEBUCK AND CO., et al.,** | ) | **Magistrate Judge Cole** |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER
## REGARDING MANDATORY PROCEDURES FOR
## COMPLIANCE WITH LOCAL RULE 37.2

LR 37.2, which, is also referred to on my website, provides that: courts "shall hereafter refuse to hear any and all motions for discovery and production of documents under Rules 26 through 37 of the Federal Rules of Civil Procedure, unless the motion includes a statement (1) that after consultation in person or by telephone and good faith attempts to resolve differences they are unable to reach an accord, or (2) counsel's attempts to engage in such consultation were unsuccessful due to no fault of counsel's. Where the consultation occurred, this statement shall recite, in addition, the date, time and place of such conference, and the names of all parties participating therein. Where counsel was unsuccessful in engaging in such consultation, the statement shall recite the efforts made by counsel to engage in consultation" Letters will not suffice.

The avowed purpose of the Rule is "[t]o curtail undue delay and expense in the administration of justice." The Rule ultimately rests on what Holmes called the shortness of life and the reality that there is a never ending procession of cases that compete for judicial attention. If the parties can resolve the issue, the court's time is saved and available to be directed to those cases that

present issues that cannot be amicably resolved. Each hour *needlessly* spent on a dispute is an hour squandered. *See Chicago Observer, Inc. v. City of Chicago, 929* F.2d 325, 329 (7th Cir.1991). This is a problem to which the Seventh Circuit has repeatedly adverted. *See, e.g., Otto v. Variable Annuity Life Insurance. Co.,* 134 F.3d 841, 854 (7th Cir.1998); *Channell v. Citicorp Nat. Services, Inc.,* 89 F.3d 379, 386 (7th Cir.1996); *Szabo Food Service, Inc. v. Canteen Corp.,* 823 F.2d 1073, 1077 (7th Cir.1987).

To hopefully eliminate needless discovery disputes in this case, thereby conserving judicial resources and increasing efficiency, I have concluded that the parties will be required to adhere to a more particularized Rule 37.2 procedure – a procedure that in my experience in other cases has been beneficial. From this point forward, during a Rule 37.2 conference, counsel will address and discuss each request separately. If the party raising an objection is confused about a definition that is the time to resolve the conflict. If the objector is skeptical about relevance, this is the time for the party seeking discovery to explain its theory. Then, before filing a motion to compel or for protective order, the parties shall prepare a combined report covering each request at issue, separately. The report must include all the information required by Local Rule 37.2. For each request at issue, the report shall include the time spent on it at the meeting, as well as the arguments advanced by both sides. This should take the form of the movant's explanation of relevance, followed by the opponent's explanations of its objections.

The report need not be prolix, but it should be sufficiently detailed to allow the court to assess whether the parties have actually conferred in good faith effort. Only then will a discovery motion be entertained. Any failure on the movant's part will result in a denial of their motion. Any failure on the opponent's part will result in a waiver of their objections. *See, generally, Autotech*

*Tech. Ltd. Partnership v. Automationdirect.Com, Inc.,* 05 C 5488, 2007 WL 2713352, at *4 (N.D.Ill.2007). Should a motion be filed subsequently, it will not be permissible for the parties to incorporate by reference any aspect of the Rule 37.2 report into the motion or the supporting memorandum. *See Miller UK Ltd. v. Caterpillar, Inc.,* 2013 WL 474380, 1 -2 (N.D.Ill. 2013).

ENTERED: _____

UNITED STATES MAGISTRATE JUDGE

**DATE:** 1/29/14