**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **ROBERT O'TOOLE, et al., individually and on behalf of all others similarly situated,** ) ) ) ) | |
| **Plaintiffs,** ) ) | No. 11 C 4611 |
| v. ) ) | Judge Shadur |
| **SEARS, ROEBUCK AND CO., KMART CORPORATION AND SEARS HOLDINGS MGMT CORP.,** ) ) ) ) | Magistrate Judge Cole |
| **Defendants.** ) | |

**MEMORANDUM OPINION AND ORDER**

The plaintiffs have moved for a protective order. [#179]. That motion is denied for failure to comply with my order of January 29, 2014. [#176]. The 2 ½ page Memorandum Opinion and Order was quite simple and specific. It required, among other things, that as a precondition to any discovery motion, there be a Rule 37.2 conference at which each discovery issue had to be discussed separately. It required the filing of a combined report detailing the parties' efforts to resolve each issue, including the time spent on each issue and the arguments raised. The report had to be "sufficiently detailed to assess whether the parties have actually conferred in good faith." [#176, at 2]. The order cited *Autotech Tech. Ltd. Partnership v. Automationdirect.Com, Inc.,* 2007 WL 2713352 (N.D.Ill.2007) which spelled out the procedures to be followed.

The plaintiffs filed their motion barely a week after the order was entered. Predictably, it ignored the requirements of my order of January 29, 2014 and *Autotech*, even though the motion mechanically recited that the plaintiffs had read the order. Despite that purported reading, they did not file the required combined report. Instead, they simply inserted the following in their motion:

> As required by Local Rule 37.2 and this Court's January 29, 2014 Order (ECF No. 176): (1) the parties have conferred by phone and email regarding these issues; and (2) despite the parties' good faith efforts to resolve their differences, the parties have been unable to reach an accord.

[#179 at 4].

This, of course, is not a detailed, combined report, and emails between lawyers, do not count under Rule 37.2. and my Order of January 29, 2014. The fact that plaintiffs could suggest that the conclusory assertion constituted compliance with my Order is ludicrous and probably sanctionable. What is more, the defendants have argued -- quite convincingly given the plaintiff's "combined report" – that plaintiffs broke off whatever negotiations had occurred and filed their motion without a good faith attempt to resolve the dispute. Accordingly, the plaintiff's motion for a protective order [#179] is DENIED. No further motions will be entertained without strict compliance with the *Autotech* protocol as required by and as outlined in the Order of January 29th. The required, combined report must be filed four business days before the motion is filed in order to ensure that the report is compliant with the Order.

A final word: Even at this early stage, the lawyers have demonstrated either an inability or an unwillingness to get along with each other and to resolve even simple disputes in a responsible fashion. Where the fault most lies is difficult to tell at this juncture.[1] But as I told counsel a few days ago in a phone conversation, while I, of course, will dutifully attend to legitimate disputes, I will not participate or be drawn into needless and intransigent squabbles. To do so would squander limited judicial resources and short-change other litigants. "Each hour needlessly spent on a dispute that

---

[1] Here is a recent example: Over the past eight years, I have undeviatingly encouraged lawyers to call chambers in the event of disputes in depositions. In accord with that policy, the plaintiffs' lawyer called, insisting that he and Sears' counsel had agreed that the non-30(b)(6) portion of a 30(b)(6)deposition would continue the next day. Sears' counsel denied the agreement and said the deponent would be leaving the next day, having made other plans. Like the few other conference calls I have had in this case – and unlike others I have had in scores of cases – this one was especially rancorous and unproductive.

could be profitably spent on a case in which resolution of the issues could only come from the court is an hour wasted." *Chicago Observer, Inc. v. City of Chicago*, 929 F.2d 325, 329 (7th Cir.1991).

Unfortunately, in this Circuit, unlike every other Circuit in the United States, magistrate judges do not have the authority to even issue Rule 37 sanctions. See the extended discussion collecting cases throughout the country in *Cleversafe, Inc. v. Amplidata, Inc.,* 287 F.R.D. 424, 428 (N.D.Ill. 2012). However, I do have the authority to issue reports and recommendations to Judge Shadur if I think sanctions for discovery violations are appropriate. Counsel should keep in mind the essentially mandatory nature of sanctions for substantial unjustified discovery resistance. Here is how Judge Easterbrook put it in *Rickels v. City of South Bend, Indiana*, 33 F.3d 785, 786-87 (7th Cir. 1994):

> "'The great operative principle of Rule 37(a)(4) is that *the loser pays*.' Charles Alan Wright & Arthur R. Miller, 8 *Federal Practice and Procedure* § 2288 at 787 (1970). Fee shifting when the judge must rule on discovery disputes encourages their voluntary resolution and curtails the ability of litigants to use legal processes to heap detriments on adversaries (or third parties) without regard to the merits of the claims." (Parenthesis in original)(emphasis supplied).

*See also Sambrano v. Mabus* 663 F.3d 879, 881-882 (7th Cir. 2011)("Sanctions such as orders to pay the other side's attorneys' fees may redress injuries done to put-upon adversaries...."); *United States Freight Co. v. Penn Cent. Transp. Co.*, 716 F.2d 954, 955 (2nd Cir.1983)("General deterrence, rather than mere remediation of the particular parties' conduct, is a goal under Rule 37; unconditional impositions of sanctions are necessary to deter 'other parties to other lawsuits' from flouting 'other discovery orders of other district courts.'" ).[2]

---

[2] This is not to imply that the motion being denied by this Order necessarily falls within the class of motions envisioned by *Rickels*. Noir is it to say that it doesn't.

Counsel also ought to be keenly aware of Judge Shadur's aversion to what he has called "hard ball litigators" whose every instinct is to fight over everything – especially in discovery. *See* Milton Shadur, *Hardball Litigators*, 20 LITIGATION 21 (Fall 1993).[3] And Judge Hubert Will, one of the most distinguished district judges in the history of the Nation, noted in that same issue of LITIGATION: "We should no longer be willing just to sit up there and, when somebody commits a foul, call foul and give the other side two free throws. Judges need almost to treat it personally." Jeffrey Cole and Robert Shapiro, *Interview With Judge Hubert L. Will*, 20 LITIGATION 26, 29 (Fall 1993).

**ENTERED:** _____
**UNITED STATES MAGISTRATE JUDGE**

**DATE:** 3/6/14

---

[3] *See also Regional Transportation Authority v. Grumman Flxible Corp.*, 532 F.Supp. 665, 667 (N.D.Ill. 1982)(Shadur, J.)("What is rather involved is the responsibility of a lawyer in dealing with his fellow lawyer. ... It is a truism that a commission and a uniform may make someone an officer, but not an officer and a gentleman. Apparently the same may be said of a license to practice law.").