IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **ROBERT O'TOOLE**, et al., individually and on behalf of all others similarly situated, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 11 C 4611 |
| | ) |
| **SEARS, ROEBUCK AND CO.**, **KMART CORPORATION** AND **SEARS HOLDING MANAGEMENT CORPORATION**, | )<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM ORDER

In accordance with the invariable judicial practice in conditionally certified Fair Labor Standards Act actions under 29 U.S.C. § 216(b), the litigants here established (with this Court's approval, of course) a timetable within which similarly situated individuals could opt into the action. In this Court's advance vetting of the notice form to be sent to such individuals, it emphasized to counsel (as it always does) that the opt-in deadline should be framed in terms of the date of <u>receipt</u> of each individual's opt-in election, rather than employing the more customary use of the postmark date.[1]

As is too often the case, a substantial number of attempted opt-ins in this action arrived after the designated deadline, and counsel for plaintiffs and defendants have disagreed as to the

---

[1] This Court has long promoted that departure from what, as the text indicates, has grown to be the customary practice in such cases. Use of the postmark-date alternative has from time to time resulted in situations in which a transmittal from the party opting in (or in class actions, a class member's transmittal of his or her joinder in the class) has been lost or delayed and has turned up only after the funds generated by a settlement of the case have already been disbursed -- hence the importance of specifying the date of receipt instead.

appropriate disposition of such tardy opt-ins.  As a result of this Court's inquiry as to the specific number of late filers as to whom a dispute remains unresolved, the March 7 reply filed by defense counsel advised that the only ongoing dispute related to the 39 opt-in plaintiffs who had filed untimely consent forms and were listed in Ex. A attached to that reply.

Although the principal purpose of establishing a drop-dead date for filings by prospective opt-in parties is the consideration identified in n.1, and although that purpose would not be frustrated by permitting the tardy filers to come into the case now, the situation is no different from that created by any bright-line statute of limitations:  Even one day late bars the presentation of the claim in this case.[2]  And although the economic impact on any timely filer if the 39 latecomers were permitted to opt in would be de minimis, the facts that the opt-in instructions were unambiguous and that the time period allowed for opt-ins was entirely reasonable suggest no predicate for rewriting those instructions or the timetable.

In prior cases on its calendar that have posed the same problem (whether opt-in cases or class actions), this Court has always considered individual explanations and has, where appropriate, permitted latecomers to participate.  In this instance, however, no explanations have been tendered to show good cause for any tardiness.  Accordingly defendants' motion to strike the 39 opt-in plaintiffs who filed untimely consents (Dkt. 185) is granted.

                                                                                                                         _____
                                                                                                                         Milton I. Shadur
                                                                                                                         Senior United States District Judge

Date:  March 20, 2014

---

[2] Unlike the statute-of-limitations situation, however, untimely opt-ins retain the ability to pursue their claims separately -- though that is probably cold comfort in real-world terms.