

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

ROBERT O'TOOLE, et al., individually and on behalf of all others similarly situated,

Plaintiffs,

v.

SEARS, ROEBUCK AND CO., KMART CORPORATION AND SEARS HOLDINGS MANAGEMENT CORPORATION,

Defendants.

Case No. 1:11-cv-04611

Judge Milton I. Shadur
Magistrate Judge Jeffrey Cole

**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT, CERTIFICATION OF THE SETTLEMENT CLASS, APPOINTMENT OF PLAINTIFFS' COUNSEL AS CLASS COUNSEL, AND APPROVAL OF PLAINTIFFS' PROPOSED NOTICE TO CLASS MEMBERS REGARDING PENDENCY OF A CLASS AND COLLECTIVE ACTION AND NOTICE OF HEARING ON PROPOSED SETTLEMENT**

This matter comes before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of the Parties' Stipulation and Settlement Agreement (the "Preliminary Approval Motion"), and after review and consideration of the Stipulation and Settlement Agreement (the "Stipulation"), the papers in support of the Preliminary Approval Motion, and the arguments of counsel, IT IS HEREBY ORDERED as follows:

1. Pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), the proposed Settlement of the state law claims in this action, as embodied in the terms of the Stipulation, is hereby preliminarily approved as a fair, reasonable, and adequate settlement of this case in the best interests of the Settlement Class (as defined in the Stipulation), in light of the factual, legal, practical, and procedural considerations raised by this case. Solely for the purpose of Settlement (as defined in the Stipulation), and pursuant to the Fair Labor Standards Act ("FLSA") and Rule 23, the Court hereby preliminarily certifies the following classes:

a. All Existing FLSA Opt-Ins who have filed timely and valid consent to join forms in the *O'Toole* or *Nowalski* actions as of July 14, 2014;

b. All persons who were or are employed as a salaried, exempt Loss Prevention Manager in a Sears or Kmart store in California at any time from April 2, 2009, through the Preliminary Approval Date (the "California Class");

c. All persons who were or are employed as a salaried, exempt Loss Prevention Manager in a Sears or Kmart store in Illinois at any time from April 2, 2009, through the Preliminary Approval Date (the "Illinois Class");

d. All persons who were or are employed as a salaried, exempt Loss Prevention Manager in a Sears or Kmart store in New Jersey at any time from April 2, 2010, through the Preliminary Approval Date (the "New Jersey Class");

e. All persons who were or are employed as a salaried, exempt Loss Prevention Manager in a Sears store in New York at any time from April 2, 2006 through the Preliminary Approval Date (the "New York Class");

f. All persons who were or are employed as a salaried, exempt Loss Prevention Manager in a Sears or Kmart store in Oregon at any time from April 2, 2010, through the Preliminary Approval Date (the "Oregon Class");

g. All persons who were or are employed as a salaried, exempt Loss Prevention Manager in a Sears or Kmart store in Pennsylvania at any time from April 2, 2009, through the Preliminary Approval Date (the "Pennsylvania Class"); and

h. All persons who were or are employed as a salaried, exempt Loss Prevention Manager in a Sears or Kmart store in Washington at any time from April 2, 2009, through the Preliminary Approval Date (the "Washington Class").

2. The Court orders that the Settlement Class is preliminarily certified for settlement purposes only. If the Settlement does not become final for any reason, the fact that the Parties were willing to stipulate to class/collective action certification for settlement purposes shall have no bearing on, and will not be admissible in connection with, the issue of whether a class/collective action is properly certified in a non-settlement context. The Court's findings are

for purposes of conditionally certifying Settlement Classes and will not have any claim, issue, or evidentiary preclusion or estoppel effect in any other action against the Defendant Releasees (as defined in the Stipulation) or in this litigation if the Settlement is not finally approved.

3. The Court finds that certification of the classes listed above, solely for purposes of Settlement, is appropriate in that: (a) the Settlement Class Members are so numerous that joinder of all Settlement Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) claims of the Class Representatives (as defined in the Stipulation) are typical of the claims of the Settlement Class; (d) the Class Representatives and Class Counsel (as defined in the Stipulation) have fairly and adequately represented and protected the interests of the Settlement Class; and (e) a class action settlement is superior to other available methods for the fair and efficient adjudication of the controversy.

4. The Court hereby preliminarily appoints Plaintiffs Robert O'Toole (NY), Eric Bolin (IL), Suzanne Bonadio (PA), Donald Brown (NJ), Joshua Brustein (NY), Ramon Estrada (CA), Thomas Herms (NJ), Tamara Holliday (WA), Bradley Holderread (IL), Scott Pastor (OR), Edward Schwartz (CA), Brian Stone (OR), and Timothy Wimbush (NJ), as Representatives of each of their respective Rule 23 state law classes, and finds that they meet the requirements of Rule 23(a)(4).

5. In accordance with Rules 23(a)(4) and (g) and the FLSA, the Court approves the following attorney as Class Counsel for all of the Settlement Classes:

Michael A. Josephson
FIBICH, LEEBRON, COPELAND, BRIGGS & JOSEPHSON, L.L.P.
1150 Bissonnet Street
Houston, Texas 77005

Douglas M. Werman
WERMAN SALAS, P.C.
77 W. Washington Street, Suite 1402
Chicago, IL 60602

6. The Court finds that the plan for Class Notice (as defined in the Stipulation) is the best notice practicable under the circumstances and satisfies the requirements of due process and Rule 23. That plan is approved and adopted. This Court further finds that the Class Notice complies with Rule 23(c)(2) and Rule 23(e), and is appropriate as part of the plan for issuing notice set forth in the Stipulation, and thus is approved and adopted.

7. The Court finds that Rust Consulting, Inc. is qualified to act as the Claims Administrator for this settlement.

8. The Court finds and orders that no other notice is necessary.

9. The Court orders that pending final determination as to whether the Settlement should be approved, the Class Representatives and other Class Members, whether or not such persons have appeared in this action, shall not institute or prosecute any claims or actions against the Defendant Releasees that fall within the definition of the claims being released under the terms of the settlement agreement. Any other pending actions, including any pending class or collective actions brought pursuant to either Rule 23 of the Federal Rules of Civil Procedure or 29 U.S.C. § 216(b), by Class Members against the Defendant Releasees, whether in court, arbitration, or pending before any state or federal governmental administrative agency, are stayed on an interim basis as to any claims that fall within the definitions of the Released FLSA Claims and Released Non-FLSA Claims for the Class Period.

10. To effectuate the Settlement, the Court hereby establishes the following deadlines and dates for the acts and events as set forth in the Stipulation, and directs the parties to incorporate the deadlines and dates in the Class Notice and required forms attached to the Stipulation as follows:

| DESCRIPTION | DEADLINE |
|---|---|
| Deadline for Defendants to provide to Claims Administrator a Database of all putative Class Members, including names, last known addresses, social security numbers, employee identification number, state(s) where employed, and the number of Weeks Worked for which the Class Member was paid as a Loss Prevention Manager. | Within 10 business days after the Preliminary Approval Order. *See* Stipulation ¶2.6.1. |
| Deadline for mailing of Class Notices by Claims Administrator | Within 15 business days after receipt of the Database of Class Members from Defendants. *See* Stipulation ¶2.6.2. |
| Deadline for Class Members to submit Opt-Out Request Form | Within 45 calendar days after the date of initial mailing of Class Notice. *See* Stipulation ¶2.6.5. |
| Deadline for Class Members to file written objections to the Settlement, if applicable | Within 45 calendar days after the date of initial mailing of Class Notice. *See* Stipulation ¶2.6.7. |
| Deadline for Class Members to submit Claim and Consent to Join Settlement forms, or (Notice Response Deadline) | Within 60 calendar days after the date of initial mailing of Class Notice. *See* Stipulation ¶2.6.4. |
| Deadline for Class Representatives to file Motion for Final Approval | Within 10 calendar days after the Notice Response Deadline. *See* Stipulation ¶2.7.1. |
| Deadline for Class Counsel to file motion for attorney's fees and costs. | Within 45 days from the date of mailing of the Class Notice. |

| DESCRIPTION | DEADLINE |
|---|---|
| Final Approval and Fairness Hearing | October 30, 2014 (no earlier than 100 days from the date of Plaintiffs' Preliminary Approval Motion) |

11. The fairness hearing and hearing for Final Approval set forth in the Class Notice is hereby scheduled for October 30, 2014, at 9:30 a.m., in Courtroom 2388, 219 South Dearborn Street, Chicago, Illinois.

IT IS SO ORDERED.

DATED: July 23, 2014

Milton I. Shadur

Honorable Milton I. Shadur
United States District Judge