UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT O'TOOLE, et al.; § <br> Individually and on behalf of all others § <br> similarly situated; § <br> § | Case No.: 1:11−cv−04611 |
| Plaintiffs, § <br> § | Honorable Milton I. Shadur <br> Magistrate Judge Jeffrey Cole |
| vs. § <br> § | |
| SEARS ROEBUCK AND CO., et al. § <br> § | |
| Defendants. § <br> § | |

**PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL
OF ATTORNEYS' FEES AND COSTS**

Michael A. Josephson
State Bar No. 24014780
Andrew Dunlap
State Bar No.24078444
Joseph C. Melugin (ARDC #6302521)
**FIBICH, LEEBRON, COPELAND,
BRIGGS & JOSEPHSON, L.L.P**
1150 Bissonnet
Houston, Texas 77005
713-751-0025 (Telephone)
713-751-0030 (Facsimile)

Douglas M. Werman (ARDC #6204740)
Maureen Salas (ARDC #6289000)
**WERMAN SALAS LAW OFFICE, P.C.**
77 West Washington Street, Suite 1402
Chicago, IL 60602
312-419-1008 (Telephone)

ATTORNEYS IN CHARGE FOR PLAINTIFFS

## I. INTRODUCTION

Following extensive litigation concerning the proper classification of current and former salaried exempt Loss Prevention Managers ("LPM") who worked for Defendants Sears, Roebuck and Co. and/or Kmart Corporation (collectively, together with Sears Holdings Management Corporation, "Defendants" or "Sears") Fibich, Leebron, Copeland, Briggs & Josephson, LLP and Werman Salas, P.C. (hereinafter, "Class Counsel") successfully negotiated a global settlement (the "Settlement")[1] which provides for a $5,000,000.00 common fund benefit, all attorneys' fees, costs, LDWA civil penalties, enhancement awards, a reserve fund, and claims administration expenses.

This Court granted preliminary approval of the Settlement on July 23, 2014. ECF No. 265. On August 5, 2014 the claims administrator mailed notice of the settlement to the Class Members.[2] Though the class period has not closed, not *one* class member has objected to the settlement in any way, including the requested fee award.[3] In fact, Class Counsel has communicated with hundreds of Class Members, who have overwhelmingly endorsed the Settlement. Declaration of Michael A. Josephson ("Josephson Decl.") ¶13 at Ex. A.

In accordance with the terms of the Settlement, Class Counsel now moves for approval of the attorneys' fees and expenses negotiated by the parties. The requested fee of one-third of the settlement fund or $1,666,667.00 is in line with the market rate in common fund cases awarded in this district. The fee is also consistent with the amount of time expended by the parties during the prosecution of the claims at issue. Additionally, Class Counsel seeks an award of

---

[1] The terms of the Settlement are set forth in great detail in Plaintiffs' Unopposed Motion for Preliminary Approval of Settlement and have been incorporated herein by reference. ECF No. 258.

[2] Class Members collectively refers to the members of the various settlement classes under Fed. R. Civ. P. 23 and 29 U.S.C. §216(b) approved by this Court on July 19, 2012. ECF No. 169.

[3] To the extent that any class members file objections to the settlement after the date of this motion, Class Counsel will file supplemental briefing to address those objections.

$185,807.71. in litigation expenses. Josephson Decl. ¶18. As set forth below, these expenses were reasonable and necessary and were incurred in the prosecution of all the class and/or collective actions included in the Settlement. Therefore, Plaintiffs respectfully request the Court award a fee equal to one-third of the settlement fund, and Class Counsel's litigation expenses in the amount of $185,807.71.

## II. BACKGROUND FACTS

The Settlement before the Court is the product of many years of costly litigation, extensive discovery, motion practice, and two full days of mediation. The parties expended tremendous resources analyzing and litigating issues concerning liability, damages, certification and settlement. Six lawyers, three paralegals and two different law firms in different states performed work on behalf of plaintiffs. *Id.* ¶¶9-10. The attorneys representing Defendants were staffed in a similar manner requiring virtually daily communications, conference calls, emails and coordination of discovery and motion practice. Indeed, prior to Settlement the parties completed forty depositions of Plaintiffs and corporate representatives and fact witnesses in six different states and locations, exchanged hundreds of sets of written discovery and subpoenas and reviewed, categorized and organized over 300,000 documents and electronically stored information. *Id.* at ¶10. Additionally, Class Counsel filed a comprehensive class certification motion with over 144 exhibits and thousands of pages of exhibits. *Id.* at ¶11. In sum, no expense was spared and both parties expended considerable time and resources in support of the various claims and defenses asserted in this case. Had such a substantial settlement not been reached, the litigation would have continued through class certification, decertification, dispositive motion practice and trial.

### III. THE REQUEST OF ATTORNEYS' FEES EQUAL TO ONE-THIRD OF THE COMMON FUND IS FAIR, REASONABLE AND SHOULD BE APPROVED

Under the common fund doctrine, "a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *Boeing Co. v. Van Gemert,* 444 U.S. 472, 478 (1980). The common fund doctrine "is based on the equitable notion that those who have benefited from litigation should share in its costs." *Sutton v. Bernard,* 504 F.3d 688, 691-92 (7th Cir. 2007), *citing Skelton v. Gen. Motors Corp.,* 860 F.2d 250, 252 (7th Cir. 1988). As shown below, Class Counsel's requested fee of one-third of the $5,000,000.00 common fund or $1,666,667.00 is fair and reasonable in terms of both the incredible results achieved, but also because of the substantial risks involved in litigating the underlying misclassification claims.

#### A. THE PERCENTAGE OF THE FUND METHOD OF AWARDING ATTORNEYS' FEES IS APPROPRIATE IN COMMON FUND CASES

"[A]ttorneys' fees in class actions should approximate the market rate that prevails between willing buyers and willing sellers of legal services," which is generally a contingent fee representing a percent of the common fund. *Silverman v. Motorola Solutions, Inc.,* 739 F.3d 956, 957 (7th Cir. 2013); *Taubenfeld v. AON Corp.*, 415 F.3d 597, 599-600 (7th Cir. 2005). Awarding class counsel "a percentage of the benefit conferred upon the class" is the "approach favored in the Seventh Circuit." *See In re Matter of Cont'l Ill. Sec. Litig.,* 962 F.2d 566, 572-74 (7th Cir. 1992), *later proceeding*, 985 F.2d 867 (7th Cir. 1993) (citing *Williams v. Gen. Elec. Capital Auto Lease,* No. 94 C 7410, 1995 U.S. Dist. LEXIS 19179, at *29-30 (N.D. Ill. Dec. 16, 1995)). In common fund cases, like this one, the "use of a lodestar cross-check … is unnecessary, arbitrary, and potentially counterproductive." *Schulte v. Fifth Third Bank*, 805 F.

Supp. 2d 560, 598 n. 27 (N.D. Ill. 2011) (citing *Will v. Gen. Dynamics Corp.*, No. 06-698-GPM, 2010 U.S. Dist. LEXIS 123349, at *3 (S.D. Ill. Nov. 22, 2010)).[4]

In deciding fee levels in common fund cases, the Seventh Circuit has "consistently directed district courts to 'do their best to award counsel the market price for legal services, in light of the risk of nonpayment and the normal rate of compensation in the market at the time.'" S*utton,* 504 F.3d at 692, 693-94, *citing In re Synthroid Mktg. Litig.,* 264 F.3d 712, 718 (7th Cir. 2001) (collecting cases)). The Seventh Circuit has held that "[a]lthough it is impossible to know *ex post* exactly what terms would have resulted from arm's-length bargaining *ex ante*, courts must do their best to recreate the market by considering factors such as actual fee contracts that were privately negotiated for similar litigation, information from other cases, and data from class-counsel auctions." *Taubenfeld*, 415 F.3d at 599. Under the market-based approach, "class counsel are entitled to the fee they would have received had they handled a similar suit on a contingent fee basis, with a similar outcome, for a paying client." *Retsky Family Ltd. P'ship v. Price Waterhouse LLP,* No. 97 C 7694, 2001 U.S. Dist LEXIS 20397, at *10-11 (N.D. Ill. 2001).

Here, Class Counsel has executed a fee arrangement with entitled Class Counsel to forty percent of any recovery. Josephson Decl. ¶7. Notwithstanding this arrangement, Class

---

[4] *See also Union Asset Management Holding A.G. v. Dell, Inc.,* 669 F.3d 632, 643 (5th Cir. Feb. 7, 2012)(approving the use of percentage of recovery method in common fund cases)*In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 821-22 (3d Cir. 1995); *Rawlings v. Prudential-Bache Props.*, 9 F.3d 513, 515-17 (6th Cir. 1993); *Florin v. NationsBank, N.A.*, 34 F.3d 560, 564-65 (7th Cir. 1994); *Johnston v. Comerica Mortgage Corp.*, 83 F.3d 241, 246 (8th Cir. 1996); *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1296 (9th Cir. 1994); *Gottlieb v. Barry*, 43 F.3d 474, 487 (10th Cir. 1994) (authorizing percentage approach and holding that use of lodestar/multiplier method was abuse of discretion); *Camden I Condo. Ass'n v. Dunkle*, 946 F.2d 768, 774 (11th Cir. 1991) ("After reviewing *Blum*, the [Third Circuit] Task Force Report, and ... cases from other circuits, we believe that the percentage of the fund approach is the better reasoned in a common fund case."); *Swedish Hosp. Corp. v. Shalala*, 1 F.3d 1261, 1271 (D.C. Cir. 1993) (percentage of the fund recovered is the only permissible measure of awarding fees in common fund cases).

Counsel seeks one-third of the recovery. *Id.* This percentage is consistent with the standard contingent fee percentage in this legal marketplace for comparable litigation. *See Teamsters Local Union No. 604 v. Inter-rail Transp., Inc.,* No. 02 C 1109-DRH, 2004 U.S. Dist. LEXIS 6363, at *3-4 (S.D. Ill. Mar. 19, 2004). Moreover, an award of one-third of a common fund is consistent with the practice of this District's application of the Seventh Circuit's market-based approach. *Id.* at *3 ("In this Circuit, a fee award of thirty-three and one-third (33 1/3%) in a class action is not uncommon.").

B. **THE BARGAINED FOR PERCENTAGE OF RECOVERY IS A REFLECTION OF THE RELEVANT MARKET**

To determine what percentage of the fund should be awarded, the district courts also look to the market price for legal services in comparable litigation. *Silverman,* 739 F.3d at 957; *Teamsters Local Union No. 604,* 2004 U.S. Dist. LEXIS 6363, at *3-4. In wage and hour litigation – like this case – fee awards of one-third of the common fund or more are the norm.[5]

---

[5] *Snoep v. Asia on Illinois, LLC*, Case No. 12 C 2387, ECF No. 44 (N.D. Ill.) (awarding one-third of $500,000 common fund in IMWL minimum wage and overtime class action); *Strauss v. Italian Vill. Rest.*, Case No. 11 C 3202, ECF No. 130 (N.D. Ill.) (awarding one-third of $1,150,000 common fund in IMWL minimum wage and overtime class action); *Rusin v. Chicago Tribune,* Case No. 12 C 1135, ECF No. 41-1 (N.D. Ill.) (awarding one-third of $660,000 common fund in IMWL unpaid overtime class action); *Beatty v. Capital One Fin. Corp*., Case no. 12 C 424, ECF No. 75 (N.D. Ill) (awarding 1/3 of $3,200,000 common fund in FLSA opt-in settlement); *Hardaway v. Employbridge of Dallas, Inc., et al.,* Case No. 11 C 3200, ECF No. 73 (N.D. Ill.) (awarding one-third of $1,500,000.00 common fund in IWPCA, IDTLSA, and IMWL unpaid wage class action); *Peraza v. Dominick's Finer Foods, LLC,* Case No. 11 C 8390, ECF No. 52 (N.D. Ill.) (awarding one-third of $1,450,000 common fund in IMWL overtime pay class action); *Romo v. Manpower, Inc.,* Case No. 09 C 3429, ECF No. 249 (N.D. Ill. ) (awarding one-third of $8,000,000 common fund in IPWCA vacation pay forfeiture class action); *Rosales v. The Placers, Ltd.,* Case No. 09 C 1706, ECF No. 162 (N. D. Ill.) (awarding one-third of $1,650,000 common fund in IWPCA vacation pay forfeiture class action); *Williams v. Volt Mgmt. Corp*, Case No. 10 C 3927, ECF No. 52 (N.D. Ill.) (awarding one-third of $2,500,000 common fund in IWPCA vacation pay forfeiture class action); *Schmidt v. Smith & Wollensky LLC*, Case No. 09-2752, ECF No. 78 (N.D. Ill) (awarding one-third of common fund in IMWL minimum wage and overtime pay case); *Perry v. National City Bank*, Case No. 05 C 891 DRH, ECF No. 81 (S.D. Ill.) (awarding one-third of $27,500,000 common fund in overtime case) *Acosta vs. Scott Labor,* N.D. Ill., Case No. 05 C 2518, ECF No. 120 (awarding one-third of common fund in overtime case); *Sanchez v. Stampede Meat, Inc.*, N.D. Ill., Case No 02 C 5452 (ECF No. 70) (awarding one-third of common fund in overtime case); *Gonzalez v. Labor Network*, Case No. 05 C 4864 (ECF No. 137) (awarding one-third of common fund in overtime case; *Flores v. Jorge Arteaga Corp*., N.D. Ill., Case No. 05 C 2057, ECF No. 53 (awarding one third of

In addition, consistent with the market for legal services, Class Counsel agreed to litigate this case on a contingency fee basis. Josephson Decl. ¶7. Class Counsel took the risk that they would obtain no recovery at all. *Id.* In fact, the contingency fee agreement specifically provided that Class Counsel would receive nothing if they ultimately failed to secure a monetary recovery for Plaintiff. *Id.*

As noted above, the fee requested here is in line with both the marketplace and similar wage and hour settlements. Because the fee is consistent with the market for similar services, the Court should enforce the attorney fee provision of the settlement.

### C. OTHER FACTORS, INCLUDING THE HOURS EXPENDED AND THE RESULTS OBTAINED DEMONSTRATE THE REASONABLENESS OF THE FEE REQUESTED BY CLASS COUNSEL

As the pleadings filed in this case illustrate, the claims asserted against Defendants were without a doubt risky, complex and were aggressively contested by Defendants' very qualified attorneys. Indeed Defendants' challenged compensation policies pertaining to LPMs had been in place for many years and had been the subject of prior lawsuits and investigations. *See e.g. Benjamin v. Kmart Corp.*, No. 4-05-cv-182 (S.D. Ga. July 17, 2006)(finding the LPM position to be properly classified as exempt).

---

common fund in minimum wage and overtime case); *Kim v. CHT Corp.*, N.D. Ill., Case No. 03 C 7362, ECF No. 23 (awarding Plaintiffs' Counsel's requested 27.5% of common fund in minimum wage and overtime case); *Ortegon v. Staffing Network, Inc*., Case No. 06 CH 12679, Order dated July 24, 2009, (awarding one-third of common fund in IDTLSA and overtime case); *Arrez v. Kelly Services, Inc.*, Case No. 07 C 1289 (N.D. Ill.), ECF No. 177 (in IWPCA class action for owed wages, awarding requested 30% of $11,000,000 common fund); *Perezchica, vs. Eastco Int'l Corp.,* Case No. 07 CH 04726, Order dated March 18, 2008 (awarding 33 1/3% of common fund in overtime case); *Polk v. Adecco*, Case No. Case No. 06 CH 13405, Order Dated November 15, 2010 (awarding requested 30% of $1,200,000 settlement fund); *See also Rippee v. Boston Mkt. Corp.,* Case No. 05cv1359 BTM (JMA), Doc. No. 70, at 7-8 (S.D. Cal. Oct. 10, 2006) (awarding a 40% fee on a $3.75 million wage and hour class action); *In re Warner Communications Sec. Litig.,* 618 F. Supp. 735, 749 (S.D.N.Y. 1985) ("Traditionally, courts in this Circuit and elsewhere have awarded fees in the 20%-50% range in class actions.") (citing numerous cases), *aff'd*, 798 F.2d 35 (2d Cir. 1986); *Birch v. Office Depot, Inc.,* Case No. 06-cv-1690 DMS (WMC)(S.D. Cal. Sept. 28, 2007)(awarding a 40% fee on a $16 million wage and hour class action).

Further, the inconsistencies in the law pertaining to the allegations at issue, coupled with Defendants' own efforts to properly compensate its employees following the resolution of another class action, permitted Defendants to assert a number of defenses on the merits, creating difficulties with proof and raising complex legal issues for Class Counsel to overcome.

For example, Defendants asserted valid arguments in response to Plaintiffs' claims for willfulness and liquidated damages, which if proven, would have substantially limited the damages available to the class members. Of course, even assuming a class was certified, Class Counsel would then have to overcome the difficulties inherent in establishing the appropriate amount of overtime on a class-wide basis. These risks were substantial and could have resulted in the Class (and hence Class Counsel) receiving nothing at all. Further, Defendants are a large and successful company with enormous resources at its disposal. Class Counsel challenged a longstanding practice by an employer with substantial resources, who was represented by highly experienced defense counsel. For any settlement, let alone the favorable settlement achieved here, to be possible, Class Counsel had to convince Defendants that Plaintiffs could prevail on the legal issues regarding overtime compensation, achieve class certification for all the employees, and overcome difficulties in proof as to monetary relief. In overcoming these hurdles, Class Counsel displayed skills consistent with, or exceeding, those expected of attorneys of comparable experience.

### 1. The results achieved

Class Counsel attained a settlement in the amount of $5,000,000.00 on behalf of a class consisting of current and former LPMs. After making the deductions described in the preliminary approval papers, the $5,000,000.00 creates a proposed Gross Settlement of $3,021,333.00. ECF No. 258. This amount will then be divided by the total number of work weeks at issue—144,000 (this includes the additional California weeks) yielding an estimated

three hours of unpaid overtime for every week worked during the relevant statutory time period. This represents an estimated average payout of over $1,800.00. Thus the results achieved justify the fee award sought by Plaintiff's counsel.

### 2. The risks involved

As noted above, this case was risky and hotly contested. Defendants challenged all of the claims asserted by Plaintiffs and aggressively defended the case—at one point even attempting, albeit unsuccessfully, to serve over 13,000 discovery requests on the Class Members not to mention the corresponding 80 depositions of Opt-In Plaintiffs that it sought to take.

In addition to challenges to liability, Plaintiff's counsel was required to litigate the merits of numerous defenses asserted by Defendants. Indeed, defenses pertaining to certification, good faith, willfulness, state law wage violations, adequacy and damages were all issues that had to be thoroughly explored through both written discovery and depositions. All of these challenges were faced by Class Counsel while litigating this case on a contingency basis. This means that Class Counsel was required to invest time, effort, and money with no guarantee of recovery. Thus the inherent risks associated with both the nature of this case and contingency litigation justifies an award of one-third of the common fund as attorneys' fees.

### 3. Skill required and quality of work performed

The prosecution of a wage and hour class action requires expertise in both substantive wage and hour law and class action procedure in state and federal court. The Settlement negotiated here was possible only because Class Counsel has substantial experience in the representation of LPMs and other misclassified retail employees and was able to convince Defendants that Plaintiffs could potentially prevail on the difficult legal issues regarding overtime compensation, achieve class certification, overcome difficulties in proof as to monetary relief and take the case to trial if need be, as exemplified by the foregoing. In successfully

9

navigating these hurdles Class Counsel displayed the necessary dual skill set. The high quality of the Class Counsel's work in this case was mandated by the very vigorous, and at times contentious defense presented by the Defendants.

The settlement itself is, in the experience of counsel, also superior to that of many similar overtime wage class actions because it provides an extremely high average settlement value of $1,800.00 and because it allows Class Members to get their money in just a few months rather than waiting additional years for a similar, or perhaps less favorable, result. *See Nat'l Rural Telecom. Coop. v. DIRECTV, Inc.,* 221 F.R.D. 523, 526 (C.D.Cal.2004). Thus these factors also support an award of the attorneys' fees requested.

### 4. The hours expended support the requested fee award

Not only is the fee award requested by Class Counsel proper using the percentage of recovery method based on the amount of the common fund, but the award is also justified based on the attorney time expended in the prosecution of this lawsuit. Indeed, a review of the hours expended by Class Counsel in this case further supports an award of the requested fee. Consider the following rounded summary of hours expended by the attorneys and paralegals involved in this litigation[6]:

| ATTORNEY | POSITION | YEARS OF EXPERIENCE | HOURLY RATE | HOURS EXPENDED | TOTAL LODESTAR |
|---|---|---|---|---|---|
| Michael A. Josephson | Partner | 14 | $600.00 | 1025 | $615,000.00 |
| Douglas Werman | Partner | 25 | $600.00 | 110 | $66,180.00 |
| Walter Fortenberry | Associate | 29 | $400.00 | 138 | $55,200.00 |
| Joseph Melugin | Associate | 7 | $350.00 | 175 | $61,250.00 |
| Andrew Smith | Associate | 4 | $300.00 | 56 | $16,800.00 |
| Andrew Dunlap | Associate | 3 | $300.00 | 402 | $120,600.00 |
| | | | **TOTAL** | **1906** | **$935,030.00** |

---

[6] Josephson Decl. ¶14.

The following chart summarizes the hours expended by the paralegals and assistants and their applicable hourly rates[7]:

| STAFF MEMBER | POSITION | HOURLY RATE | HOURS EXPENDED | TOTAL LODESTAR |
|---|---|---|---|---|
| Mirna Estopier | Paralegal | $140.00 | 675 | $94,500.00 |
| Omid Afhami | Assistant | $65.00 | 125 | $8,125.00 |
| Werman Paralegals | Paralegal | $140.00 | 82 | $11,480.00 |
| | | TOTAL | 882 | $114,105.00 |

Thus, the total hours of worked performed by Class Counsel and their staff is 2,788 hours and the corresponding lodestar for this case is $1,049,135.00.[8] Accordingly, if the Court were to enhance this lodestar by applying a multiplier to reach the fee sought by Class Counsel, the multiplier would only be 1.6% which is well within the range approved by in this circuit. *See Harman v. Lyphomed, Inc.*, 945 F.2d 969, 976 (7th Cir. 1991)(noting that multipliers between one and four have been approved within this circuit).

Regardless of the Court's approach to determining the fees Class Counsel is entitled to receive, Class Counsel respectfully suggests that the fee requested is reasonable in light of the time and labor expended, the magnitude of the litigation, the risks taken in the litigation, the monetary results achieved for the class, and the amount of the fee in proportion to the monetary settlement.

## IV. CLASS COUNSEL SHOULD BE REIMBURSED FOR THE LITIGATION EXPENSES THEY INCURRED DURING THE PROSECUTION OF THIS CASE

As part of the Settlement, the parties agreed that Class Counsel shall be entitled to recoup their reasonable litigation costs and associated expenses up to $200,000.00. Based on the

---

[7] *Id.*

[8] Plaintiff's counsel will perform additional work that is not reflected in the charts above. The additional time will include preparation for the final approval hearing, participating in the hearing for final approval, finalizing the orders and judgment, and managing the settlement distributions.

11

expense records prepared by Class Counsel, the total costs incurred are actually $185,807.71 and include costs associated with filing fees, depositions, postage, document copying fees, legal research charges, experts, travel expenses for attorneys and clients, document database maintenance and processing, mediation fees, and delivery charges, all of which are costs normally billed to and paid by the client. A chart summarizing the expenses is as follows[9]:

| CATEGORY | AMOUNT |
| --- | --- |
| Court Costs/Filing Fees | $737.48 |
| Experts/Damage/ Data Analysis | $13,325.00 |
| Document Database/ESI | $7,618.00 |
| Legal Research/Pacer | $5,365.94 |
| Notice Administration | $5,500.00 |
| Depositions | $50,842.84 |
| Subpoenas | $758.07 |
| Mediation (Illinois and San Francisco) | $12,500.00 |
| Photocopying and Duplication | $5,978.85 |
| Transcripts | $137.70 |
| Fuel | $233.75 |
| Postage/Fed Ex/Delivery Fees | $3,359.35 |
| Travel Expenses[10] | $79,450.43 |
| **TOTAL** | **$185,807.71** |

## V.     CONCLUSION

Class Counsel obtained an excellent result on behalf of the Class Members. They did so by undertaking great risks on a contingent fee basis. The requested fee is well within the realm of reasonableness for fee requests approved by Federal courts given the efforts expended in this case and the stage of proceedings at the time of the settlement. Based on the foregoing, Class Counsel respectfully request approval of the application for award of attorneys' fees equal to one-third of the value of the settlement or $1,666,667.00. In addition, Class Counsel respectfully request reimbursement for $185,807.71 in costs and litigation expenses.

---

[9] Josephson Decl. ¶¶18-19.
[10] Includes airfare, hotel, transportation and meals.

Respectfully submitted,

By: */s/ Michael A. Josephson*
  One of the Attorneys for Plaintiffs

Douglas M. Werman
Maureen A. Salas
**WERMAN SALAS, P.C**.
77 West Washington Street, Suite 1402
Chicago, Illinois 60602
Telephone: (312) 419-1008

Michael A. Josephson
State Bar No. 24014780
**FIBICH, LEEBRON, COPELAND**
**BRIGGS & JOSEPHSON, L.L.P**
1150 Bissonnet
Houston, Texas 77005
713-751-0025 (Telephone)
713-751-0030 (Facsimile)

**ATTORNEYS IN CHARGE FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

  I hereby certify that the foregoing document was served by ECF electronic filing on all known parties.

       */s/ Michael A. Josephson*
       Michael A. Josephson